IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 25-MJ-1415 |
| vs. | ) |
| | ) |
| **LUIS ALONSO ARGUETA-DIAZ**, | ) |
| | ) |
| Defendant. | ) |

### UNITED STATES' MOTION TO REVOKE RELEASE ORDER

Pursuant to 18 U.S.C. § 3145(a)(1), the United States respectfully requests the Court to revoke Eastern District of Virginia United States Magistrate Judge Colombell's May 21, 2025, order setting conditions of release in this case.

I. Background

On May 8, 2025, Defendant was charged with Conspiracy to Transport an Illegal Alien, and on May 19, 2025, he was arrested in the Eastern District of Virginia.

On May 21, 2025, Defendant appeared for his detention hearing in the Eastern District of Virginia, and the judge ordered Defendant released on conditions, but stayed execution of his order for 48 hours, pending the filing of this motion.[1]

II. Facts of the Case

The facts of the case are that the 35-year-old Defendant conspired to smuggle a 17-year-old pregnant Honduran citizen to the United States to help care for his children. When agents

---

[1] Judge Colombell's chambers advised that once this motion is filed, Defendant will remain in custody pending a hearing by a district judge in New Mexico.

encountered the pregnant minor, near Santa Teresa, New Mexico, on May 3, 2025, the minor stated that she was on her way to Virginia to live with Defendant who she said was her boyfriend of approximately one year. When agents interviewed Defendant, he stated that he did arrange for the minor's trip from Honduras to the United States, and paid $2,000 so far to have her smuggled to Virginia to live with him, and help him care for his children.

Defendant is a Legal Permanent Resident of the United States, and if convicted of the charged offense, Defendant is very likely going to be deported to his home county, Honduras.

In determining whether there are conditions of release that can be fashioned to reasonably assure the appearance of a defendant and the safety of the community, the Court must consider:

> a. The nature and circumstances of the offense;
> b. The weight of the evidence against the defendant;
> c. The defendant's ties to the community, financial resources, and criminal history; and
> d. Whether the defendant is on parole, probation, or other release pending criminal charges in another case (federal, state, or local).

18 U.S.C. § 3142(g)(1)-(4). "The government must prove risk of flight risk by a preponderance of the evidence, and it must prove dangerousness to any other person and the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003); 18 U.S.C. § 3142(f). Here, the nature and circumstance of the offense, weight of the evidence, and Defendant's status in the United States all warrant detention of Defendant as both a flight risk and a danger to the community.

As to the nature and circumstances of the offense, Defendant, a 35-year-old male, conspired to transport a pregnant minor from Honduras to the United States, putting the minor at great risk. More disturbing, however, is the fact that the minor told agents that Defendant was her boyfriend, and that he was paying for her to be smuggled to his home

in Virginia, which could give rise to additional federal charges. *See* 18 U.S.C. § 2423(a) (Transportation of minors).

As to the strength of the case, the case is strong. Defendant confessed to knowingly transporting the minor from Honduras, to multiple agents on two separate occasions, in two different jurisdictions. Defendant first confessed to a New Mexico HSI agent on or about May 4, 2025, during a telephonic interview. During that interview, Defendant told the agent that he knew the minor was en route to Virginia to live with him, that he wanted to help the minor be in a safe place, and that he wanted the minor to help him take care of his three children. He further stated that he paid $2,000 for the purpose of smuggling the minor to Virginia.

Defendant confessed a second time on May 5, 2025, to HSI agents in Richmond, Virginia during an in-person interview. During that interview, Defendant explained that he sent $2,000 to his mother so that she could give the money to the minor's mother to assist with the smuggling fee, and that the minor would live with him, and help care for his children.

Additionally, the minor told agents that Defendant paid to have her smuggled from Honduras to Virginia to live with him.

Given the nature and circumstances of the offense, the strength of the case, and the fact that Defendant is very likely going to be deported when this case is over, Defendant has no incentive to abide by conditions of release, and there are no conditions or combination of conditions that will reasonably assure his appearance at any future court proceedings. Additionally, Defendant's efforts to transport a pregnant minor from Honduras to Virginia, and Defendant's alleged relationship with the pregnant minor

3

demonstrate that he is a danger to the community, and that no condition or combination of conditions will reasonably assure the safety of any person or the community.

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests the Court to revoke Judge Colombell's May 21, 2025, order setting conditions of release, and to detain Defendant pending resolution of this case, as both a flight risk and danger to the community.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*Filed Electronically May 22, 2025*
MARK A. SALTMAN
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

*Electronically Filed May 22, 2025*
MARK A. SALTMAN
Assistant U.S. Attorney

4